IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04cv574-T |
| | ) | |
| ANTHONY J. PRINCIPI, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  BACKGROUND**

The plaintiff, Diane Baker ("Baker"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").  She names Anthony J. Principi ("Principi"), Secretary of the Department of Veterans Affairs, as a defendant.  The court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3).

On September 24, 2004, the defendant filed a motion for judgment on the pleadings (doc. no. 10) and brief (doc. no. 11), asserting that Baker failed to exhaust her administrative remedies in a timely manner.  The court construed the motion for judgment on the pleadings as a motion for summary judgment.  (Doc. No. 12.)  On March 31, 2005, Baker filed a response, asserting that her failure to file an appeal to the Equal Employment Opportunity Commission ("EEOC") within 30 days or this lawsuit within 90 days of the EEOC's July 6, 2000, decision should be excused because she was suffering from several medical conditions and was under the influence of pain medication during the running of the limitations period.

(Doc. No. 27.)  On April 4, 2005, the defendant filed a reply brief, arguing that equitable tolling is not applicable in this case because Baker failed to establish that she was incapacitated from July 6, 2000, until the filing of this case on July 10, 2004.  (Doc. No. 28.)  An evidentiary hearing was conducted in this court on May 19, 2005.

Now pending before the court is the defendant's motion for summary judgment.  (Doc. No. 10.)   Upon consideration of the defendant's motion, the parties' responses and supporting evidentiary materials, and the evidence presented during the hearing, the court concludes that the defendant's motion should be granted.

## II.  FACTS

In 1999, Baker worked as a nurse at the Veterans Administration Medical Center.  During the morning of June 29, 1999, Baker injured her back, left shoulder, and lower abdomen while lifting a patient.[1]  Baker underwent abdominal surgery on March 27, 2000, back surgery on June 15, 2000, and shoulder surgery on December 17, 2001.  She also received steroid injections to her back once every three weeks and was prescribed a variety of medications, including Premarin, Hydrocodone, Propoxy, Duragesic patches, and Clonazepam.  (Pl's Ex. No. 7.)

After suffering her injuries and until the filing of this federal lawsuit, Baker pursued the following legal avenues:

- Baker called several attorneys and requested help in filing a

---

[1] During the evidentiary hearing, Baker testified that she received a hysterectomy on November 20, 1998.  She stated that the lifting of the patient on June 29, 1999, caused her to injure the area around her abdomen where she previously received surgery in November 1998.

> Worker's Compensation claim or an EEOC complaint; however, she had difficulty obtaining a lawyer. (Pl's Ex. Nos. 1, 3, 5.)

- At some point in 1999, Baker obtained M. Wayne Sable as her attorney and filed an EEOC charge of discrimination against the Secretary of Veterans Affairs. (Doc. # 9, Def's Attach. A.) On July 6, 2000, the EEOC issued its final decision affirming the administrative law judge's determination that Baker was not entitled to relief. (Def's Attach. B.) After the EEOC's final decision was issued, attorney Sable discontinued his representation of Baker.

- On October 23, 2001, Baker filed a claim for compensation with the United States Department of Labor. (Def's Ex. No. 1.)

- At some point in 2002, Baker called Congressman Bob Riley's office and asked for help with her legal problems. Congressman Riley referred her case to Debbie McBride ("McBride"), a case manager. McBride agreed to assist Baker with her Worker's Compensation claim. From January 31, 2002, through May 10, 2002, and May 12, 2003, through August 15, 2003, and throughout December 2003, Baker sent several facsimiles and letters to McBride, including fax cover sheets with handwritten instructions. (Def's Ex. Nos. 2-10, 12-18, 22-26.)

- On April 9, 2002, Baker signed and sent a typewritten letter[2] regarding her Worker's Compensation claim to the Office of Worker's Compensation Claim Programs in Washington, D.C. (Def's Ex. 11.)

- On September 12, 2003, Baker sent a handwritten note indicating her attempts to obtain an attorney from the Alabama Bar Referral Service and the Injury Help Line. (Def's Ex. 19.)

- On September 12, 2003, Baker signed and sent a typewritten note to the United States Department of Labor. (Def's Ex. 20.)

- On November 12, 2003, Baker signed and sent a typewritten

---

[2] Baker testified that she signed the documents, but that her daughter typed the letters for her.

3

>   letter to the United States Department of Labor Employee Compensation Appeals Board. (Def's Ex. 21.)
>
> - On December 30, 2003, Baker signed and sent a typewritten letter to the Employment Standards Administration Office of Worker's Compensation. (Def's Ex. No. 27.)
>
> - On December 13, 2003, Baker filed an appeal of the EEOC's final decision issued on July 6, 2000. (Doc. No. 9, Def's Attach. C.) The EEOC dismissed her appeal as untimely. (*Id.*) On June 2, 2004, the EEOC denied Baker's request for reconsideration of its decision to dismiss her appeal. (Def's Attach. D.)

Upon learning that her attempt to revive her appeal of the EEOC's final decision had failed, Baker turned her efforts toward the federal court system. On June 10, 2004, Baker initiated the instant federal action by preparing and filing a pro se complaint in this court. (Doc. # 1.)

### III. DISCUSSION

The defendant asserts that Baker's claims are barred because she failed to file an appeal to the EEOC within 30 days or this lawsuit within 90 days. (Doc. No. 11 at 6.) Baker argues that the time for filing this lawsuit should be equitably tolled because she was unable to obtain an attorney, she has undergone several surgeries, she was under the influence of pain medication, and she has continued to suffer pain since the EEOC issued its final decision on July 6, 2000. In response, the defendant contends that equitable tolling is not applicable in this case because Baker offers no evidence demonstrating that she was "completely incapacitated every day during this three year time period." (Doc. No. 28 at 4.)

The Eleventh Circuit has not addressed whether and to what degree incapacitation is

justification for tolling the limitations period in Title VII cases.  However, several other courts have discussed whether equitable tolling is appropriate when a plaintiff alleges inability to proceed in a timely manner due to mental or physical illness.  *See  Williams v. Henderson*, [No. Civ.A. 99-0900-CB-M, June 28, 2000] 2000 WL 1005815, *3 (S.D. Ala. 2000) ("While tolling may be appropriate in some cases because the plaintiff was suffering from mental incapacity, Plaintiff has made no such a case to the EEOC nor to this Court."); *Davis v. New York City Transit Authority*, 73 Fed. Appx. 524, 525, 2003 WL 22092224, **1 (2d Cir. 2003) (noting that "tolling may be appropriate 'where a plaintiff's medical condition or mental impairment prevents him from proceeding in a timely fashion'  [and] is only appropriate if the plaintiff 'has acted with reasonable diligence during the time period he seeks to have tolled.'")(citation omitted);  *Bobbi v. Henderson*, [No. Civ.A. 00-104, August 15, 2000] 2000 WL 1201572, *2 (E.D. Pa. 2000) (determining that equitable tolling is applicable in Title VII cases "where the plaintiff has been prevented from exerting his rights in some extraordinary way");  *Powell v. Independence Blue Cross, Inc*., [No. Civ. 95-2509, March 26, 1997] 1997 WL 137198, * 5 (E.D. Pa. 1997) (recognizing that some courts have recognized equitable tolling for mental incompetency in Title VII cases when the plaintiff "suffer[s] from a mental illness which in fact prevents him from managing his affairs and from understanding and acting on his legal rights.");  *Llewellyn v. Celanese Corp.,* 693 F.Supp. 369, 379 (W.D.N.C. 1988) (determining that the time for filing in Title VII cases may be equitably tolled when mental incapacity rendered the plaintiff unable to pursue any remedy).

While the defendant suggests that equitable tolling is only available if a plaintiff is completely incapacitated, it is unnecessary in this case for the court to determine the degree of incapacity necessary for tolling. The evidence in this case shows that Baker was perfectly able during the relevant time period to pursue a Worker's Compensation claim against the defendant. For example, Baker was able to request a hearing on that claim and provide information to the Department of Labor through the assistance of a caseworker in a Congressman Riley's office. (Def's Ex. Nos. 1-19, 2–25.) Baker was also able to complete legal documentation and write notes in her own handwriting to the caseworker and other officials. (Def's Ex. Nos. 1-10, 12-16, 18-19, 22-25.) In addition, Baker successfully prosecuted her Worker's Compensation claim and received retroactive compensation benefits. (Def's Ex. No. 28.) Baker's own evidence shows that she was able to contact lawyers and request legal representation. (Pl's Ex. Nos. 1-5.) With the assistance of her daughter, Baker wrote lengthy type-written letters to officials and obtained and sent legal documentation to government agencies and attorneys.[3] Thus, the only evidence in the record leads to the inescapable conclusion that it was Baker's own lack of diligence that caused her Title VII complaint to be untimely, rather than any physical or mental incapacitation. Therefore, even assuming that a plaintiff's incapacitation is sufficient justification for equitable tolling in Title VII cases, the court finds that Baker's medical conditions,

---

[3] Testimony indicating that Baker enlisted her daughter's assistance in preparing legal documentation does not strengthen her argument that the limitations period should be tolled. *See Powell v. Independence Blue Cross, Inc.*, [No. Civ. 95-2509, March 26, 1997] 1997 WL 137198, * 5 (E.D. Pa. 1997).

intermittent periods of hospitalization, and her use of prescription medications do not establish that Baker was unable to pursue her claims in this court or on appeal to the EEOC within the applicable time period.

## IV.  CONCLUSION

Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that the defendant's motion for summary judgment be GRANTED and that this case be dismissed with prejudice with the costs taxed against the plaintiff.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before June 6, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

    Done this 24th day of May, 2005.

                                          /s/Charles S. Coody
                                  CHARLES S. COODY
                                  CHIEF UNITED STATES MAGISTRATE JUDGE